**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**VALENTIN V. BENITEZ,**

    **Plaintiff,**

**v.**                                                **Case No.  8:04-cv-1928-T-30TBM**

**COMPUTER HORIZONS CORP.,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Rehearing (Dkt. #29). Plaintiff essentially seeks a rehearing on the dismissal of his employment discrimination claim against Defendant Nielsen that was filed pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII").  This Court previously dismissed Plaintiff's Title VII claim against Defendant Nielsen because Plaintiff did not allege in the Complaint that Defendant Nielsen was his employer.  After Plaintiff's claim was dismissed, Plaintiff filed a Motion for Reconsideration (Dkt. #23), which this Court denied after holding a hearing on the motion.

In the Motion before the Court, Plaintiff contends that his Title VII claim should not have been dismissed because Defendant Nielsen "had the power to recommend [his] firing."  According to Plaintiff, whether or not Nielsen was Plaintiff's employer is "a triable fact question that cannot be determined in a motion to dismiss."  This Court disagrees.

To maintain a cause of action under Title VII for employment discrimination, a party must allege, *inter alia*, that he suffered an adverse employment action that was motivated by unlawful discrimination.  Because Plaintiff has not alleged that Defendant Nielsen committed the adverse employment action (i.e. Plaintiff's termination) or even had the authority to do so, Plaintiff's Title

VII claim is subject to dismissal. Plaintiff has relied on <u>Virgo v. Riviera Beach Associates, Ltd.</u>, 30 F.3d 1350 (11th Cir. 1994) and <u>Williams v. Grimes Aerospace Company</u>, 988 F.Supp 925 (S.D.S.C. 1997) in support of his Motion, but these cases involved employers that maintained control and/or responsibility over the terms and conditions of the employment matters at issue in each case.[1] Accordingly, Plaintiff's Motion for Rehearing should be DENIED.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion for Rehearing (Dkt. #29) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 23, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2004\04-cv-1928 Motn Rehearing.wpd

---

[1] In <u>Virgo</u>, the plaintiff brought a claim of sexual harassment against the owners of a hotel establishment that was being managed by an individual accused of actually committing the harassment. The Court held that the owners of the hotel could be jointly liable for the managers conduct because the owners retained responsibility for all liability arising out of "personnel issues." <u>Id</u>. at 1360-1361. In <u>Williams</u>, the Court held that both the temporary staffing agency and the business where plaintiff was working could be liable as joint employers for the alleged unlawful discrimination because the business where plaintiff was staffed retained the authority to set her wage amount, to assign and control her work detail, and, "most importantly," to terminate her employment. See <u>Williams</u>, 988 F.Supp. at 935-936.