**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**VALENTIN V. BENITEZ,**

    **Plaintiff,**

v.                                               Case No.  8:04-cv-1928-T-30TBM

**COMPUTER HORIZONS CORP.,**

    **Defendant.**
_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendant Computer Horizons Corporation's (hereinafter "Defendant" or "CHC") Motion for Summary Judgment (Dkt. 58) and Plaintiff's opposition thereto (Dkt. 59-1).  Plaintiff filed suit (Dkt. 2) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. as amended ("Title VII"), and  the Florida Civil Rights Act of 1992, Fla. Stat. 760 et seq. ("FCRA") alleging that Defendant terminated his employment based on his national origin, Filipino.  For the reasons set forth below, this Court finds that Defendant's Motion is **GRANTED**:

**FACTUAL BACKGROUND**

Defendant provides its customers with temporary personnel to assist and perform computer operations.  Plaintiff was employed by Defendant and assigned to a project

assignment with Nielsen Media Research, Inc.[1] On this assignment, Plaintiff was responsible for monitoring a computer system that collected television ratings data and ensuring that corrective action was taken should any corruption occur with the data. The collection of the ratings data was critical to Nielsen's business, and thus a critical part of Plaintiff's job with Nielsen.

During the month of September 2003, Plaintiff was caught by his supervisor, Marie Pierre, sleeping on the job, a fact he admitted during his deposition (Dkt. 54-1 at 65-66). Plaintiff was subsequently reprimanded by Ms. Pierre. In October 2003, Plaintiff was again caught by Ms. Pierre sleeping on the job (Dkt. 54-1 at 84). As a result, on October 27, 2003, Nielsen's Technical Center Manager, Edward Moats, contacted Defendant's account manager, Brooks Davis, requesting Plaintiff's removal from the Nielsen assignment. On October 28, 2003, Plaintiff was advised by Mr. Davis of Nielsen's request. Having no other positions available for Plaintiff at that time, Mr. Davis terminated Plaintiff's employment.

Plaintiff subsequently filed suit in state court alleging his termination was discriminatory and based on his national origin, Filipino.[2] Specifically, Plaintiff alleged that

---

[1] Nielsen Media Research, Inc. was previously a Defendant to this action. However, this Court granted Nielsen's Motion to Dismiss (Dkt. 16) on March 17, 2005, thereby terminating Nielsen as a party (Dkt. 22).

[2] Plaintiff also alleges that Nielsen failed to train him on various computer systems and that this failure to train was based on his national origin (Dkt. 2 at 2). However, Nielsen is no longer a party to this action. Moreover, Plaintiff has neither alleged nor provided any evidence that CHC discriminated against him based on training, this Court will not address Plaintiff's failure to train allegations.

other non-Filipino employees slept on the job and were not similarly terminated.[3]  Defendant thereafter removed the case to this Court (Dkt 1).

## DISCUSSION

**A.    Summary Judgment Standard.**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

Summary judgments for defendants are not rare in employment discrimination cases. See Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990).  Indeed, where the evidence supporting a plaintiff's employment claim "is merely colorable or is not significantly probative, summary judgment should be granted." Id. at 1080.  Conclusory, self-serving, or uncorroborated allegations do not create any issue of fact that can defeat summary judgment. See id. at 1081.

---

[3] Plaintiff also included in his Complaint claims for breach of contract, breach of the implied covenant of good faith, interference, and emotional distress (Dkt. 2). However, these claims were dismissed on March 17, 2005 (Dkt. 22).

**B.     Legal Analysis.**

Under Title VII and the FCRA[4], a plaintiff can prove discrimination by either direct or circumstantial evidence. See Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1085 (11th Cir. 2004); Carter v. Three Springs Residential Treatment, 132 F.3d 635, 641 (11th Cir. 1998). Direct evidence is defined as evidence which, "if believed, proves [the] existence of [a] fact without inference or presumption." Wilson, 376 F.3d at 1086 (citing Burrell v. Bd. of Trustees of Ga. Military College, 125 F.3d 1390, 1393 (11th Cir. 1997). There is no direct evidence of discrimination in the record.[5] As such, this Court will not address this issue.

As Plaintiff has not established his national origin discrimination claim by way of direct evidence, in order to prevail, he must present circumstantial evidence of discrimination utilizing the framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under the McDonnell Douglas framework, to prevail on his claim of national origin discrimination, Plaintiff must establish a *prima facie* case of discrimination, by showing: (1) he belongs to a racial minority; (2) he was subjected to an adverse job action; (3) his employer treated similarly situated employees outside his classification more favorably; and (4) he was qualified to do the job. Knight v. Baptist Hospital of Miami, Inc., 330 F.3d 1313, 1316 (11th Cir. 2003)(citations omitted). Once a *prima facie* case is shown, the burden then

---

[4] Since the FCRA essentially mirrors Title VII, Florida courts look to federal case law construing Title VII. See Byrd v. Richardson-Greenshields Securities, Inc., 552 So. 2d 1099, 1102 (Fla. 1989); Fla. Dep't of Community Affairs v. Bryant, 586 So. 2d 1205 (Fla. 1st DCA 1991); also Resley v. Ritz-Carlton Hotel Co., 989 F.Supp. 1442, 1446-47 (M.D. Fla. 1997) (construing Title VII and FCRA together).

[5] Contrary to Plaintiff's assertions in his opposition motion (Dkt. 59-1), no direct evidence of discrimination has been presented on the record for this court's review.

shifts to the employer to provide a legitimate, non-discriminatory reason for the employment action. Texas Dept. Of Community Affairs v. Burdine, 450 U.S. 248, 255 (1981).  Upon the employer articulating such a reason, the burden shifts back to the Plaintiff to demonstrate that the employer's proffered reason for the employment decision is false or pretextual. Id. at 256.

This Court finds that Plaintiff has failed to establish a *prima facie* case of discrimination.  The Eleventh Circuit has stated that "in determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997).  In determining whether an employee is similarly situated, the Eleventh Circuit requires "the comparator's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." Maniccia v. Brown, 171 F.3d 1364, 1369 (11th Cir. 1999); also Silvera v. Orange County School Board, 244 F.3d 1253, 1259 (11th Cir. 2001) (stating same). The failure by a plaintiff to show the existence of a similarly situated employee mandates summary judgment.  See Holifield , 115 F.3d at 1562.

Plaintiff has provided no evidence that similarly situated non-Filipino CHC employees fell asleep and were not similarly disciplined, i.e. terminated. While he testified that three non-Filipino Nielsen employees, i.e. Marie Pierre, David Hussein and David Huff, fell asleep while on duty and were not terminated by Nielsen, these individuals do not constitute "similarly situated employees" of CHC.  See Nix v. WLCY Radio/Rahall Communications,

738 F.2d 1181, 1185 (11th Cir. 1984) (stating a prima facie case is shown if a plaintiff can show that "the misconduct for which [he] was discharged was nearly identical to that engaged in by [an employee outside the protected class] whom [**the employer**] retained." (emphasis added).[6] This, Plaintiff failed to do.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Computer Horizons Corporation's Motion for Summary Judgment (Dkt. 58) is **GRANTED.**

2. The Clerk is directed to entered a judgment in Defendant's favor.

3. The Clerk is directed to close this case and terminate all pending motions.

**DONE** and **ORDERED** in Tampa, Florida on November 21, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2004\04-cv-1928 Motion for SJ - National Origin.frm

---

[6] Even assuming Plaintiff could establish a *prima facie* case of national origin discrimination, this Court would still grant summary judgment for Defendant as Defendant articulated a legitimate business reason for Plaintiff's termination, i.e. lack of work, and Plaintiff failed to present any evidence of pretext.